Anthony J. DiMarino, III, Esq.
Emmett S. Collazo, Esq.
A.J. DiMarino, P.C.
57 Euclid Street, Suite A
Woodbury, NJ 08096
Counsel for Plaintiff,
Product Source International, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PRODUCT SOURCE INTERNATIONAL, LLC** : **Plaintiff** : : v. : : **LEONID NAHSHIN** : **Defendant** : | Civil Action:_____ |

**COMPLAINT TO APPEAL THE DECISION OF THE
UNITED STATES TRADEMARK TRIAL AND APPEAL BOARD**

Plaintiff, Product Source International, LLC ("PSI"), through its undersigned attorneys, for its Complaint against Defendant, Leonid Nahshin ("Nahshin"), alleges and states as follows:

## NATURE OF THE ACTION

1. This is an action pursuant to 15 U.S.C. § 1071(b)(1), seeking judicial review of the United States Patent and Trademark Office's Trademark Trial and Appeal Board's ("TTAB") decision in *Nahshin v. Product Source International, LLC*, Cancellation No. 92051140.

2. On June 21, 2013, a TTAB panel decided Cancellation No. 92051140 in Nahshin's favor.

3. The TTAB ruled that the mark NIC OUT was not owned by Product Source International, LLC when it applied for the mark in 2006.

4. PSI appeals the findings and the ruling of the TTAB.

## THE PARTIES

5. PSI is a New Jersey Limited Liability Corporation, with its headquarters at 13 Coleman Road, Berlin, New Jersey 08009.

6. On information and belief, Nahshin is an Israeli citizen, doing business at 153/36 Beer-Sheva, Israel.

## JURISDICTION AND VENUE

7. This action to appeal the TTAB decision to cancel PSI's trademark registration arises under the Lanham Act, United States Trademark Act, 15 U.S.C. §1071(b).

8. This Court has jurisdiction under 15 U.S.C. § 1071(b), which allows a party that is dissatisfied with the decision of the TTAB to commence a civil action in a district court. This Court also has jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a), as this case involves an independent trademark cancellation claim arising under the Lanham Act.

9. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (3).

## GENERAL ALLEGATIONS

10. This is an action to reverse the decision of the TTAB to cancel PSI's U.S. trademark, NIC OUT, Registration No. 3,350,041.

### PSI owns and uses its trademark NIC OUT

11. At all material times herein, PSI has been and is engaged in the business of distributing cigarette filters that are designed to remove nicotine and tar out of the cigarette smoke as it passes through the filter. One of PSI's products uses the mark NIC OUT.

12. PSI has offered products with the NIC OUT mark since at least as early as March, 2003.

13. Nahshin filed a trademark application for NIC-OUT on January 23, 2003 (Serial No. 78/206,651).

14. Nahshin's application was rejected by the USPTO, through an Office Action dated July 7, 2003, as being likely to cause confusion, mistake, or deception, with a third-party's mark.

15. Nahshin abandoned the trademark application on February 25, 2004, when Nahshin failed to respond to the July 7, 2003 office action.

16. On March 21, 2006, based on PSI's ownership, control, and use of the NIC OUT mark, PSI applied for the mark NIC OUT (Serial No. 78842281). The mark was registered on December 4, 2007 under U.S. Registration No. 3,350,041.

17. On June 23, 2009, Nahshin filed a Petition for Cancellation of PSI's NIC OUT mark with the TTAB.

18. In the June 23, 2009 Petition, Nahshin stated the following as the Grounds for Cancellation of the registered mark:

> Grounds for Cancellation: Priority of use and filing in USPTO.
>
> Trademark Application Serial No: 78206651.
>
> Nahshin, Leonid used this trademark logo prior current owner and filed a U.S. trademark application for the same trademark in USPTO on January 23, 2003 before current owner did, but was refused registration. (See Trademark application Serial number 78206651). At that time current owner was customer of Nahshin, Leonid.

(Nahshin's Cancellation Notice, Docket Entry No. 1, Opposition No. 92051140.)

19. PSI moved to dismiss the claim for multiple reasons, including the inability of PSI to decipher Nahshin's grounds for seeking to cancel PSI's mark.

4

20. In its Motion to Dismiss the Petitioner's claim, PSI included the following statement:

> To the extent that Nahshin insinuates that somehow PSI used its customer relationship to improperly appropriate the Mark from Nahshin, Nahshin should be ordered to state such allegations in clear, direct, and concise terms.  Similarly, if Nahshin seeks to establish a specific date of use prior [*sic*] of the mark prior to that of PSI, it should be required to plead that fact in similarly clear language instead of relying indirectly on statements made in a now abandoned trademark application.

See PSI's Motion to Dismiss, Page 9, Docket Entry No. 4. Dated August 3, 2009.

21. The TTAB granted PSI's Motion to Dismiss the Petition to Cancel for failure to state a claim upon which relief could be granted and for lack of sufficient facts to establish Petitioner's standing.  The TTAB, however, granted Petitioner thirty days from its Order to file an amended pleading.  (TTAB Order dated January 25, 2010).

22. Nahshin then filed an Amended Petition to Cancel PSI's trademark registration on February 11, 2010.

23. In his Amended Petition to Cancel, Nahshin specifically and exclusively claimed priority of use as the grounds for the cancellation.

24. The Amended Petition to Cancel included the following specific language:

## Grounds for Cancellation

> As grounds for the instant Petition to Cancel, it is alleged that the continued registration of Registrant Product Source International, LLC's (hereinafter "Registrant") mark NIC OUT as more fully displayed in U.S. Registration No. 3,350,051 would be likely to cause confusion with Petitioner's common law rights in the mark NIC-OUT which retains priority of use over Registrant's mark NIC OUT by virtue of its prior use in commerce in the United States.

(Amended Petition to Cancel at 1).

25. The Amended Petition to Cancel further stated that Nahshin's "rights in the mark NIC-OUT has [*sic*] priority of use over Registrant's rights in the mark NIC OUT…." *Id.* at ¶ 10.

26. The Cancellation then proceeded under Nahshin's asserted grounds of priority of use.

27. On December 1, 2011, Nahshin's then counsel, Vera Chernobylsky, Esquire, moved to withdraw from representing Nahshin "pursuant to the provisions of USPTO Ethical Rule 10.40, 37 C.F.R. § 10.40." (Request to Withdraw from Representation at 1.)

28. In the "Statement of Facts" section of the Request to Withdraw from Representation, Nahshin's then counsel stated:

> I believe that my client, Leonid Nahshin has engaged in fraudulent conduct before the USPTO, and my efforts to call upon the client to rectify the fraud have been refused.

6

(Request to Withdraw from Representation at 1.)[1]

29. On September 14, 2012, after three years of pleadings and discovery, after discovery had closed, and after trial testimony and evidence had been submitted, Nahshin presented a revised theory of the case in his final brief.

30. Nahshin's revised theory was that PSI's registration should be cancelled because Nahshin owned PSI's rights in the NIC OUT trademark.

31. In its final brief, PSI objected to Nahshin's newly asserted claim of ownership.

32. In his final brief, Nahshin did not argue that he had priority of use of the mark over PSI.

33. By failing to argue and present evidence on his priority of use claim, Nahshin waived the priority of use claim.

34. On June 21, 2013, the TTAB granted Nahshin's petition to cancel Plaintiff's mark NIC OUT, based on ownership.

35. The TTAB did not grant Nahshin's petition to cancel on the ground that Nahshin was a prior user of the mark NIC-OUT.

36. The TTAB decision did not determine whether any entity was the "owner" or "prior user" of the marks NIC OUT or NIC-OUT.

---

[1] Plaintiff specifically does not contend that either the prior counsel or the current counsel for Nahshin were involved in any such conduct. These statements, made by Nahshin's prior counsel, were specifically addressed to Nahshin.

37. In its opinion, the TTAB rejected PSI's argument that Nahshin presented a new theory of the case and a new ground for cancellation which was not permissible under TTAB regulations and precedent. The TTAB limited its dismissal of PSI's position on this issue to a single paragraph.

38. The TTAB's errors include, but are not limited to, the following.

39. The TTAB decision failed to adhere to clear TTAB rules which prohibit last minute changes in a party's theory of the case.

40. The TTAB erred because it improperly allowed Nahshin to replace priority of use arguments with ownership arguments.

41. The TTAB further erred in rejecting PSI's objections to the evidence.

42. The TTAB further erred in not finding that Nahshin had waived his claims of priority.

43. The TTAB further erred in not finding Nahshin acquiesced in use of the mark by PSI, released rights by contract, and in denying the additional legal and factual arguments presented by PSI.

44. The TTAB further erred in its rulings on the affirmative defenses asserted by PSI.

45. There was insufficient evidence to support the findings of the TTAB.

## Claim 1: The TTAB's Cancellation Ruling should be Reversed

## Appeal of TTAB Ruling

46. PSI re-alleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 45 above.

47. The TTAB decision of June 13, 2013 should be reversed and vacated, and an order should be entered directing the USPTO to reverse its decision, and to deny Nahshin's Petition for Cancellation.

48. Pursuant to 15 U.S.C. §1071(b), PSI is entitled to commence a civil action in this district court within two months from the date of decision of the TTAB. The TTAB issued its decision on June 21, 2013; accordingly, this action is timely.

49. PSI's registration for the mark NIC OUT should be reinstated pursuant to 15 U.S.C. §§ 1127, 1064, and 1119, on the grounds that the TTAB incorrectly determined legal issues, which this court reviews de novo, and under its factual findings, which this court reviews in a dual capacity of the appeal court and as a fact finder.

50. PSI has been and will continue to be damaged by the cancellation of its registered mark NIC OUT.

51. PSI is entitled to an order reversing the TTAB decision and reinstating PSI's mark NIC OUT.

## **PRAYER FOR RELIEF**

WHEREFORE, Product Source International, LLC requests that this Court grant the following relief:

a. On Claim 1, enter an order reversing the TTAB's decision; and enter final judgment reinstating PSI's mark NIC OUT (U.S. Registration No. 3,350,041).

b. Award PSI its costs and fees incurred in this action.

c. Provide such additional relief as the court deems just and proper.

## **JURY DEMAND**

Product Source International, LLC hereby demands a trial by jury on all issues so triable.

Dated: August 20, 2013          Respectfully submitted,

/s/ Anthony J. DiMarino, III
Anthony J. DiMarino, III, Esq.
Emmett S. Collazo, Esq.
**A.J. DiMarino, P.C.**
57 Euclid Street, Suite A
Woodbury, NJ 08096
(856) 853-0055

Counsel for Plaintiff,
Product Source International, LLC